# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELE R.,<br><br>      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,<br><br>      Defendant. | Civil Action<br>No. 20-15032 (CPO)<br><br>**OPINION** |

**Appearances:**

Adrienne Freya Jarvis
800 North Kings Highway
Suite 304
Cherry Hill, NJ 08034

    *On behalf of Plaintiff Michele R.*

Margaret Reed
SOCIAL SECURITY ADMINISTRATION
300 Spring Garden Street
Philadelphia, PA 19123

    *On behalf of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.*

**O'HEARN, District Judge.**

  **I.**  **INTRODUCTION**

  This matter comes before the Court on Plaintiff Michele R.'s[1] appeal from a denial of Social Security disability benefits by the Acting Commissioner of Social Security ("Defendant"). The Court did not hear oral argument pursuant to Local Rule 9.1(f). For the reasons that follow, the Court **AFFIRMS** the decision of the Administrative Law Judge ("ALJ") as adopted by the Appeals Council.

  **II.**  **BACKGROUND**

  There were two administrative hearings and two decisions in this case. The first administrative hearing resulted in a denial of benefits in a decision dated February 2, 2016 ("2016 Decision"). (AR. 168–77). The Appeals Council vacated this decision and remanded the case for further development regarding Plaintiff's past relevant work. (AR. 168–177, 184–85). On remand, there was a second administrative hearing, with a new Vocational Expert ("VE"), and a new decision dated January 22, 2019, ("2019 Decision"). (AR. 190–201). The Appeals Council then reviewed and affirmed the 2019 Decision, adopting the "findings or conclusions at steps 1 through 4 of the sequential evaluation process regarding whether the claimant is disabled," and changing the weight given to the opinion of Dr. George McLintock. (AR. 6). This Appeals Council decision then became the final decision of the Commissioner.

  The Court recites herein only those facts necessary for its determination on this appeal. The following is not a complete recitation of the facts involved in these proceedings.

---

[1] Pursuant to this Court's Standing Order 2021-10, this Opinion will refer to Plaintiff solely by her first name and last initial.

### A. First Administrative Proceeding

Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423(d), on May 21, 2013, stating that she had been disabled since November 20, 2009. (AR. 362). Her application was initially denied, and on reconsideration, Plaintiff requested a de novo ALJ hearing. (AR. 210, 220, 223).

On September 9, 2015, Plaintiff appeared with counsel and testified at an administrative hearing. (AR. 63–65). At the hearing, Plaintiff amended her alleged onset date to June 22, 2012. (AR. 71). William Slaven, III offered vocational expert testimony. (AR. 63–66, 121–23, 126–36, 138–43, 146).

In the 2016 Decision, the ALJ decided that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act. (AR. 170–77). The ALJ found that Plaintiff's insured status expired on June 30, 2013, and, thus, adjudicated the period from Plaintiff's June 22, 2012 amended alleged onset date through her June 30, 2013 date last insured. (AR. 170–77). At Step 1, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from June 22, 2012, through June 30, 2013. (AR. 170). At Step 2, the ALJ found that Plaintiff had three severe impairments: bilateral knee osteoarthritis, obesity, and hypertension. (AR. 170). At Step 3, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a Listed Impairment. (AR. 171). After Step 3 but before Step 4, the ALJ made a residual functional capacity ("RFC") assessment, finding that Plaintiff could perform light work as defined in 20 C.F.R. 404.1567, with additional limitations including, in relevant part, that Plaintiff could "stand and walk for 6 hours in an 8 hour workday, but needs to sit for 5 minutes after every [half] hour of standing or walking, and would need to stand for 5 minutes after every [half] hour of sitting." (AR. 171).

3

## B. First Appeals Council Review and Second Administrative Hearing

The Appeals Council granted Plaintiff's request for review on July 13, 2017. (AR. 184–85). The Appeals Council concluded that the ALJ erroneously found that Plaintiff could perform her past relevant work as a phlebotomist as generally and actually performed, (AR. 184–85), and further noted that

> [T]he vocational expert testified that the job phlebotomist, as generally performed, exceeded the claimant's residual functional capacity. The [ALJ] found that this claimant retained the residual functional capacity to stand and walk for at most six hours in an eight-hour workday. The Dictionary of Occupational Titles defines phlebotomist as a light job, requiring at most six hours of standing and walking. However, the vocational expert testified that generally phlebotomists do more than six hours of standing and walking. The hearing decision does not discuss the vocational expert's testimony, or provide rationale for not crediting the vocational expert's opinion that this job is inconsistent with the claimant's residual functional capacity.

(AR. 184) (internal citations omitted). The Appeals Council accordingly vacated the first decision and remanded Plaintiff's claim for a new hearing. (AR. 184–85).

At the second administrative hearing, Plaintiff appeared with counsel and Linda Vause offered vocational expert testimony. (AR. 16–18, 41–55, 59). In the ALJ's 2019 Decision, the ALJ found that Plaintiff's insured status expired on June 30, 2013, and, thus, adjudicated the period from Plaintiff's November 20, 2009 alleged onset date through her June 30, 2013 date last insured. (AR. 192–201). At Step 1, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from November 20, 2009 through June 30, 2013. (AR. 192). At Step 2, the ALJ found that Plaintiff had three severe impairments: bilateral knee osteoarthritis, obesity, and hypertension. (AR. 192). At Step 3, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a Listed Impairment. (AR. 193). After Step 3 but before Step 4, the ALJ made an RFC assessment, finding that Plaintiff retained the residual functional capacity to perform

4

> light work as defined in 20 CFR 404.1567(b) except stand or walk for six of eight hours and sit for six of eight hours. Occasionally push or pull with the lower extremities. Never climb ladders, ropes, or scaffolds. Occasionally balance, stoop, or climb ramps or stairs. Never kneel, crouch, or crawl. Can tolerate occasional exposure to extreme heat, cold, wetness, or humidity. No exposure to unprotected heights or hazardous machinery.

(AR. 194). This RFC sets forth less limitations and greater functioning than the RFC in the first proceeding. (AR. 171, 184). At Step 4, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act because she retained the residual functional capacity to perform her past relevant work as a phlebotomist as generally performed. (AR. 200–01).

### C. Second Appeals Council Review

On July 1, 2020, the Appeals Council again granted Plaintiff's request to review the 2019 Decision. (AR. 483–91). On September 22, 2020, the Appeals Council issued its decision adopting the ALJ's findings and conclusions in Steps 1 through 4. (AR. 4).[2] The Appeals Council noted that the ALJ did not address the opinion of George McLintock, M.D., a treating physician, and found that the opinion should have been given partial weight. (AR. 5–6). However, the conclusion that Plaintiff was not disabled because she is capable of performing past relevant work as generally performed as a phlebotomist remained the same. (AR. 7–8).

Plaintiff now appeals to this Court. (ECF No. 1).

### D. Plaintiff's Work History and VE Testimony

Plaintiff worked as a phlebotomist for several different employers, drawing blood and performing associated tasks both in and out-patient care. (AR. 80–81, 416–19, 421).

---

[2] As the final decision of the Commissioner, the decision issued by the Appeals Council is the decision before this Court on review. However, because the Appeals Council adopted the ALJ's factual findings and legal conclusions for Steps 1 through 4, this Opinion will refer to the factual findings and legal conclusions of both the Appeals Council and ALJ where appropriate.

1. <u>VE Slaven from the First Administrative Hearing</u>

In the first administrative hearing, VE Slaven testified that because the DOT defines phlebotomist as "light" work that means that it requires one to be able to walk for six of the eight hours of a workday. (AR. 139). Elaborating on the DOT classification, VE Slaven testified that—based on his own experience—work as a phlebotomist generally requires standing and/or walking more than six hours per workday. (AR. 131). As for the work as Plaintiff had previously done it, VE Salven testified that in many of Plaintiff's previous phlebotomist jobs she stood/walked for more than six hours, but that she was able to do the work as previously performed in one out-patient setting where she stood/walked less than six hours.[3] (AR. 131–32).

2. <u>VE Vause from the Second Administrative Hearing</u>

In the second administrative hearing, VE Vause testified that work as a "phlebotomist as performed in a hospital setting, . . . would be at least six hours of standing. I believe, in a laboratory setting, it would be probably in an eight-hour day it may be half that time." (AR. 45). VE Vause elaborated that hospital phlebotomist jobs are estimated to involve six to eight hours of some combination of standing/walking, while laboratory phlebotomist jobs are estimated to be closer to four hours. (AR. 45–46, 53–54). VE Vause also clarified that the DOT does not differentiate between hospital and laboratory phlebotomist jobs. (AR. 59). In conclusion, VE Vause found that Plaintiff was able to perform work as phlebotomist. (AR. 43).

Based on VE Vause's testimony, the ALJ who authored the 2019 Decision stated

---

[3] ALJ: So they couldn't be done as generally performed or as she performed it in two other places, but at least that — in one place that way she performed it.

VE: In that one situation.

(R. 131–132).

> Upon questioning from the claimant's representative, the vocational expert testified that the phlebotomist job requires six hours standing/walking, which involves going around to drawing blood from patients. The remaining two hours typically involved administrative work. The vocational expert testified that in his [sic] opinion and based on the DOT, the position is generally done from the upright position. The vocational expert testified that he [sic] heard the claimant testify to performing the position differently, but per the DOT, the position only required occasional stooping and had no crouching requirement. He [sic] testified that his [sic] opinion was consistent with the DOT. The vocational expert also testified that the DOT did not distinguish between being a phlebotomist at a hospital or a laboratory.

(AR. 200).[4]

### D.  LEGAL STANDARD

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by "substantial evidence." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Cons. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf v. Callahan*, 972 F. Supp. 277, 284–85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

---

[4] Although the ALJ's decision uses the pronoun "he" when referring to the VE's testimony, it is clear from context that the ALJ is referring to the testimony of VE Vause. (AR. 17, 41, 200-01).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner of the Social Security Administration has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" If he is, he is not disabled. Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" If the claimant lacks such an impairment, he is not disabled. If he has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" If the claimant's impairments do, he is disabled. If they do not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." A claimant's "[RFC] is the most [he] can still do despite [his] limitations." If the claimant can perform his past relevant work despite his limitations, he is not disabled. If he cannot, the ALJ moves on to step five.
>
> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] . . . age, education, and work experience[.]" That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." If the claimant can make an adjustment to other work, he is not disabled. If he cannot, he is disabled.

*Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201–02 (3d Cir. 2019) (alterations in original, citations and footnote omitted).

Following review of the entire record on appeal from a denial of benefits, the court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119–20 (3d Cir. 2000); *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016).

### III.     **DISCUSSION**

On appeal, Plaintiff asserts that there is not substantial evidence in the record to support the Appeals Council's finding that Plaintiff was able to perform her past work as a phlebotomist. Her argument is threefold. First, she contends that the ALJ, and Appeals Council, should have considered VE Slaven's 2016 testimony in the 2019 Decision. Second, she argues that the ALJ did not properly consider VE Vause's testimony that work as a hospital phlebotomist requires standing/walking "at least" six hours per day. Third, Plaintiff argues that the DOT does not provide that a phlebotomist stands/walks for no more than six hours in an eight-hour day. This Court disagrees on each point.

Under the Social Security Act, a claimant is not disabled at Step 4 if she can perform her "previous work." 42 U.S.C. § 423(d). In Step 4 it is valid to find that plaintiff is able to work in one of two ways: as she "actually performed it or as [it is] generally performed in the national

9

economy." 20 C.F.R. § 404.1560(b)(2) (2021); *see also* Social Security Ruling (SSR) 82-61, 1982 WL 31387, at *2. Claimant has the burden of showing that she is unable to perform past relevant work either as she previously performed it or as it is performed in the national economy. *See Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987); *Aquino v. Comm'r of Soc. Sec.*, No. 19-22062, 2020 WL 7778078, at *3 (D.N.J. Dec. 31, 2020).

Here, the Appeals Council adopted the ALJ's finding that Plaintiff had the RFC to perform light work. (AR. 194). As VE Vause testified, the DOT classifies the job of phlebotomist as light work. (AR. 41); DOT No. 079.364-022, 1991 WL 646858. Therefore, the Appeals Council found that "[Plaintiff] was capable of performing past relevant work as a phlebotomist, as generally performed. This work did not require the performance of work related activities precluded by the claimant's residual functional capacity." (AR. 8) (internal citations omitted). The Court finds no error in this straightforward conclusion. Despite viewing this as a clear case, the Court will nevertheless address each of Plaintiff's arguments in turn.

Plaintiff's first argument that the Appeals Council was required to consider VE Slaven's testimony from the 2016 hearing is misplaced since the 2016 Decision was vacated by the Appeals Court on the first appeal. On remand, the ALJ reviews evidence *de novo* and is therefore not required to consider the vocational testimony of a VE from a vacated prior decision. *See Yolyemal H. v. Comm'r of Soc. Sec.*, No. 20-19755, 2022 WL 901466, at *3 (D.N.J. Mar. 28, 2022) ("The Social Security Administration's HALLEX provides that '[i]f the Appeals Council . . . remands a case . . . it generally vacates the entire administrative law judge . . . decision, and the ALJ must consider all pertinent issues *de novo*.'" (quoting HALLEX § I-2-8-18)).

10

Turning to Plaintiff's second and third arguments, the Court finds that both the testimony of VE Vause and the classification of phlebotomist in the DOT support the ALJ's decision, as adopted by the Appeals Council.

VE Vause testified that the DOT listed phlebotomist work as "light" exertion. (AR. 41). Offering her own opinion, VE Vause testified that the standing/walking requirement in a hospital setting would likely be at least six hours, while the requirement in a laboratory setting would be closer to four hours; but notably, the DOT does not make this distinction. (AR. 45–46). While the VE elaborated on the DOT classification, she did not contradict it, and in fact identified lab phlebotomist work that was *well within* Plaintiff's assigned RFC, even if other phlebotomist work was not. As such, her testimony clearly supports the ALJ's conclusion.

Further, the DOT classifies the job of phlebotomist as light work. (AR. 41); DOT No. 079.364-022, 1991 WL 646858. "Light work" includes "a good deal of standing and walking." 20 C.F.R. § 404.1567(b). SSR 83-10 further explains that "the full range of light work requires standing or walking, off and on, for approximately 6 hours of an 8-hour work day." 1983 WL 31251, at *5; *see also* SSR 96-9p 1996 WL 374185, at *6; *Elliott v. Comm'r of Soc. Sec.*, 295 F. App'x 507, 508 (3d Cir. 2008). Thus, in light of the ALJ's finding that Plaintiff had the RFC to perform light work, the DOT classification supports the conclusion that Plaintiff was able to perform phlebotomist work.

On a final note, this Court's decision is consistent with other cases where claimants with an RFC to perform light work were found to be able to perform phlebotomist work. *See, e.g.*, *Lee v. Berryhill*, 690 F. App'x 589, 590 (10th Cir. 2017); *Anteau v. Colvin*, No. 15-2345, 2016 WL 10651912, at *2 (M.D. Fla. Sept. 30, 2016); *Gomar v. Astrue*, No. 8-00675, 2009 WL 2971425, at *9 (E.D. Cal. Sept. 11, 2009).

## IV. CONCLUSION

For the foregoing reasons, the Court will affirm the final decision of the Acting Commissioner. An appropriate Order will be entered.


Date: April 11, 2022

        /s/ *Christine P. O'Hearn*
**Christine P. O'Hearn**
**United States District Judge**